# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Alex Aguilar,** Plaintiff -vs- **Lewis, et al.,** Defendants | CV-09-1198-PHX-NVW (JRI) **REPORT & RECOMMENDATION re Screening of Amended Complaint** |

## I. MATTER UNDER CONSIDERATION

This matter arises out of a complaint by Plaintiff, a California prisoner presently incarcerated in the La Palma Correctional Center, a privately operated contract prison located in Eloy, Arizona, alleging a denial of emergency medical care while a prisoner.

Plaintiff has filed a "First Amended Complaint" (#12) prior to service of an answer pursuant to Fed.R.Civ.P. 15(a). The Court is required to screen that complaint pursuant to 28 U.S.C. § 1915A(a).

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

## II. RELEVANT PROCEDURAL BACKGROUND

### A. Original Complaint

Plaintiff's original Complaint was filed June 3, 2009 (#1). That Complaint alleged two counts for constitutionally inadequate medical care and retaliation arising out of a

- 1 -

incident on April 15, 2009 in which Plaintiff's leg was broken, and the ensuing events. Plaintiff named as defendants Lieutenant Lewis, Warden DeRosa, Registered Nurse Mazzola, and Secretary Cate. In the initial Screening Order entered July 8, 2009 , the Court found that Plaintiff failed to state a claim for retaliation, and failed to allege facts to establish a claim against various defendants. As a result, an answer to the inadequate medical care claim was required from Defendant Lewis.

**B. First Amended Complaint**

In response to the initial Screening Order, Plaintiff filed a Motion to Amend (#9) and lodged a proposed First Amended Complaint. The undersigned granted (#11) the motion to amend as a first amendment of right, but noted that the amended pleading failed to allege any facts, but instead referenced a non-existent attachment. The First Amended Complaint (#12) was filed. However, Plaintiff was advised that a recommendation of dismissal for failure to state a claim was likely, and screening and service stayed for twenty days to permit Plaintiff an opportunity to amend. Plaintiff has not moved to amend, and the twenty days expired August 20, 2009.

**III. APPLICATION OF LAW TO FACTS**

28 U.S.C. § 1915A requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* 42 U.S.C. § 1997 applies the same standard to such complaints even if the defendants are not governmental entities, or officers or employees of a governmental entity. *Id.*

In screening complaints, however, the Court is obliged to liberally construe the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed. . . . [A]

> pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

To state a claim under §1983, a plaintiff must allege supporting facts that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander,* 879 F.2d 583, 587 (9th Cir. 1989); *see Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001).

Here, Plaintiff's First Amended Complaint asserts a single claim for denial of medical care, but fails to allege any "Supporting Facts" but instead includes the reference "See Attachment in Back." No attachment was filed. The only facts alleged are in the "Injury" portion of the form complaint, and simply allege a denial by "Defendants" of emergency medical treatment. Plaintiff again names Defendants Lewis, DeRosa, Mazzola and Cate, but makes no allegation of any specific conduct by any of them and makes no connection between any of them and the injury he sustained. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's sole count fails to state a claim against any defendant. Accordingly, dismissal of the entire complaint is appropriate.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that Plaintiff's First Amended Complaint (#12) be dismissed, without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given 20 days to file a motion to amend and lodge a proposed second amended complaint, and that if Plaintiff fails to do so, that the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED: September 9, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1198-012r RR 09 09 08 re Screen Amend Compl.wpd